UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>David Wayne Shelden,<br><br>    Defendant | Case No.: 2:18-cr-00237-JAD-PAL<br><br>**Order Denying Motion for Compassionate Release and Granting Motion to Seal**<br><br>[ECF Nos. 29 & 30] |

    David Wayne Shelden is serving a 57-month sentence at the Federal Correctional Institution Sheridan (FCI Sheridan) for being a felon in possession of a firearm. He moves for compassionate release because he suffers from hypertension, which puts him at a higher risk of serious illness should he contract the COVID-19 virus. The government opposes the motion, arguing that Shelden's risk has been significantly reduced by the vaccine he received earlier this year and that he remains a danger to the community. Although I recognize and sympathize with the challenges Shelden faces mitigating his exposure to COVID-19 in prison, after considering the relevant factors under 18 U.S.C. § 3553(a), I deny his motion because a reduction of his sentence is unwarranted.

## Background

    In 2018, Shelden pled guilty to unlawful possession of a firearm after he sold a semiautomatic weapon, some ammunition, and a buttstock to a confidential source in a Las Vegas parking lot. A few months later, I accepted the parties' sentencing recommendation and sentenced Shelden to 57 months imprisonment.[1] The Bureau of Prisons' (BOP) website reflects

---

[1] *See* ECF Nos. 23, 25.

January 31, 2024, as his release date.[2]  Shelden, who has received both doses of a popular mRNA vaccine, suffers from hypertension and claims that, despite his vaccination status, FCI Sheridan is woefully unable to keep him safe from COVID-19.[3]  He moves for an order reducing his sentence or permitting him to serve the rest of his sentence in home confinement, arguing that his condition puts him at risk of serious illness or death should he contract the virus.

## Discussion

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, permits a sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" once the defendant has failed to get the BOP to bring such a motion on his behalf, or once 30 days have passed since the warden of the facility where the defendant is held denies his request.[4]  The court must consider any applicable factors under 18 U.S.C. § 3533(a), which include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need for the sentence imposed to reflect the seriousness of the offense" and "protect the public from further crimes of the defendant"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[5]  And while a court must also consider whether a sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission,"[6] because "the Sentencing Commission has not yet issued a policy statement

---

[2] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 27, 2021).

[3] *See* ECF Nos. 29 at 10–15; 37 at 1–2 (noting the changing circumstances at FCI Sheridan).

[4] 18 U.S.C. § 3582(c)(1)(A)(i).  The parties do not dispute that Shelden's motion is ripe for review.  *See* ECF Nos. 29 at 5; 35 at 3 n.1 (response).

[5] *Id.* § 3553(a).

[6] *Id.* § 3582(c)(1)(A)(i).

'applicable' to § 3582(c)(1)(A) motions filed by a defendant," the "Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion . . . but they are not binding."[7]

Assuming without deciding that Shelden has demonstrated extraordinary and compelling circumstances warranting release, I deny Shelden's motion because the sentencing factors under § 3553(a) do not support his request.[8] Shelden argues that his crime was not violent in nature because he sold, but did not use, the firearm. He adds that any risk he may pose to the community is mitigated by his three-year term of supervised release. But although Shelden didn't use the gun, the nature of his unlawful arms sale remains serious. I also cannot disregard his lengthy criminal history. Though much of that history consists of traffic infractions, it also includes five felonies, including burglary, forgery, and attempted possession of stolen property. And given that many of his offenses occurred while he was on probation for other crimes, it is unlikely that supervision will mitigate any danger that he poses. Finally, Shelden received a within-guidelines sentence of 57 months and granting early release would amount to a several-level downward variance, creating an unwarranted sentencing disparity.

I recognize the challenges that Shelden faces avoiding this virus while incarcerated. But the sentence he received remains sufficient and not greater than necessary, despite the pandemic and his physical conditions and risks. The unknown nature of this virus and the effectiveness of the vaccine that Shelden received, when weighed against the § 3553(a) factors, do not swing in favor of release. So I deny Shelden's motion.

---

[7] *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

[8] *United States v. Keller*, --- F. 4th ----, 2021 WL 2695129, at *5 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step.").

**Conclusion**

IT IS THEREFORE ORDERED that Shelden's motion for compassionate release **[ECF No. 29] is DENIED.**

IT IS FURTHER ORDERED that Shelden's unopposed motion to file his medical records under seal **[ECF No. 30] is GRANTED**. The Clerk of Court is directed to **maintain the seal on ECF No. 31**.

_____
U.S. District Judge Jennifer A. Dorsey
July 30, 2021